IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WILEY E. STEVENS, and
CORA STEVENS                                          PLAINTIFFS


        v.              Case No. 05-3012


USABLE LIFE                                            DEFENDANT


## MEMORANDUM OPINION & ORDER

The above referenced action is before this Court pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, challenging defendant's decision to deny coverage for certain claims under a Limited Benefit Cancer and Specified Disease Policy issued by USAble Life and made available to the defendants under an employee welfare benefit plan.  The defendant submitted the administrative record (the "AR") that was before the claims administrator.  (Doc. 15)  The parties have submitted briefs (Docs. 16, 17) on the issues before the Court and the matter is now ripe for consideration.  For the reasons set forth herein, the decision of the defendant will be upheld, the plaintiffs' claim will be denied, and this case will be dismissed.

1

**Background**

1.   The plaintiffs in this action are Wiley Stevens and Cora Stevens.  In August of 1993, Cora Stevens completed an application for a "Limited Benefit Cancer and Specified Disease Policy" (hereinafter the "Cancer Policy") which was made available to her as a part of an employee welfare benefit plan provided by her employer, Wood Manufacturing Company, Inc.  (AR 22, 300).  The application lists Wiley Stevens, Cora Stevens' husband, as an individual to be covered under the policy issued by the defendant, USAble Life ("USAble").  (AR 22).

2.   Wiley Stevens was originally diagnosed with cancer of the rectum in 2001.  In late 2003, Mr. Stevens' cancer reappeared and he was advised by his doctors in Mountain Home, Arkansas to have additional surgery.  Mr. Stevens then received treatment from another doctor in Tulsa, Oklahoma.  A series of tests, and, ultimately, surgery was performed on Mr. Stevens at the Southwestern Regional Medical Center in Tulsa.

3.   In their complaint, the Stevens seek coverage under the Cancer Policy for the series of tests performed in Tulsa, Oklahoma which totaled $10,769.85.  USAble asserts that the tests at issue are not covered under the Cancer Policy.

4.   Specifically, USAble points to the following provisions in the Cancer Policy in support of their decision to refuse coverage:

> **SECOND AND THIRD SURGICAL OPINION:** We will pay the actual charges incurred for a second, or third if necessary surgical opinion.  Second surgical opinion means the evaluation of the need for surgery by a second physician. Third surgical opinion means the evaluation of a third physician if the opinions of the first two physicians are in conflict.

(AR 307).

6.   The employee welfare benefit plan, of which the Cancer Policy is a part, grants discretionary authority to the administrator:

> **9.1   Plan Administration**
>
> The operation of the Plan shall be under the supervision of the Administrator.  It shall be a principal duty of the Administrator to see that the Plan is carried out in accordance with its terms, and for the exclusive benefit of Employees entitled to participate in the Plan.  The Administrator shall have full power to administer the Plan in all of its details, subject, however, to the pertinent provisions of the Code.  The Administrator's powers shall include, but shall not be limited to the following authority, in addition to all other powers provided by this Plan:
>
> . . .
>
> (b)  To interpret the Plan, the Administrator's interpretations thereof in good faith to be final and conclusive on all persons claiming benefits under the Plan;

(Affidavit of Mark McCuin, doc. 10, Exhibit A, Wood Manufacturing Company, Inc. Cafeteria Plan, p. 22).  The employee welfare benefit plan also provides the following provision concerning the terms of any insurance policy offered under the plan:

**9.4**   **Insurance Control Clause**

In the event of a conflict between the terms of this Plan and the terms of an Insurance contract of an independent third party Insurer whose product is then being used in conjunction with this Plan, the terms of the Insurance Contract shall control as to those Participants receiving coverage under such Insurance Contract.   For this purpose, the Insurance Contract shall control in defining the persons eligible for insurance, the dates of their eligibility, the conditions which must be satisfied to become insured, if any, the benefits Participants are entitled to and the circumstances under which insurance terminates.

(Affidavit of Mark McCuin, doc. 10, Exhibit A, Wood Manufacturing Company, Inc. Cafeteria Plan, p. 23).

7.   The record submitted in this case reveals that Mr. Stevens visited the Cancer Treatment Centers of America at Southwestern Regional Medical Center in Tulsa, Oklahoma in January of 2004.   He initially visited the Tulsa medical center for a second opinion with respect to the recommendation of Dr. Peter MacKercher that surgery be performed to treat the recurrence of cancer of the rectum.   During his treatment in Tulsa, Mr. Stevens was seen and/or treated by several doctors including Joseph M. Padolick, M.D.; Pierre J. Greeff, M.D.; Petra Ketterl, M.D.; Douglas A. Kelly, M.D.; W. Todd Bookover, M.D.; Raymond F. Sorensen, D.O.; Don King II, M.D.; Wesley D. Hughes, M.D.; Christine Girard, N.D.; and Ziad Sous, M.D;   From the medical records it appears that during January of 2004 Dr. Padolick and/or Dr. Greeff recommended and ordered that additional tests, including

CT scans, be performed to determine the extent of Mr. Stevens' cancer and to help to determine a proper course of treatment.

As set forth above, the dispute in this case is the series of tests performed at the Tulsa medical center in January of 2004 prior to surgery. Following the submission of the claim for benefits, USAble determined that the "diagnostic tests" were not covered under the "second surgical opinion" benefit of the Cancer Policy.

8. In a letter dated March 23, 2004, Beth Largent, RN, a Case Manager at the Tulsa medical center, explained to USAble that Mr. Stevens came to the Tulsa medical center in January 2004 or a second opinion by Dr. Greeff. (AR 118). Ms. Largent further explained that "[i]n order for Dr. Greeff to give Mr. Wiley an accurate second opinion it was imperative that he have results of current testing. So for that reason, it was necessary for scans and other tests to be repeated so the results would be up to date." (AR 118).

8. Following USAble's denial of coverage for the claims at issue, the Stevens filed a complaint with the Arkansas Insurance Department. (AR 327-328). On June 17, 2004, USAble responded to the Arkansas Insurance Department explaining the reason for its decision that the tests were not covered. (AR 285-286). According to the letter:

> On October 1, 2001, we received a claim for Wiley Stevens for the diagnosis of rectal carcinoma. The claim was

5

approved October 3, 2001 and benefits have been paid
since that time for covered expenses.

On March 4, 2004, we received additional bills from Mr.
Wiley including three (3) office visits that he had
indicated were for a second surgical opinion of Dr. Greef
on January 20, 23, and 26, 2004.
The cancer supplement policy covering Mr. Stevens states
in relevant part:

   **"SCHEDULE OF BENEFITS**

   **PART G BENEFITS**

   **SECOND AND THIRD SURGICAL OPINION:**

   We will pay the actual charges for a second,
   or third if necessary, surgical opinion.
   Second surgical opinion means an evaluation of
   the need for surgery by a second physician.
   Third surgical opinion means the evaluation of
   a third physician if the opinions of the first
   two physicians are in conflict."

Based on the above policy provision, USAble Life paid the
full amount due for the Second Opinion charges of Dr.
Greef in making his evaluation of the need for surgery.
The policy does not state that payment will be made for
diagnostic tests needed to reach that opinion, nor is
there an intent to provide benefits for these under the
Stevens' limited specified disease policy. Even if one
used a layman's definition of "opinion" such as is found
in Merriam Webster's Dictionary, which defines the term
as a view or judgment about a particular matter, coverage
cannot be extended beyond the physician's charge for his
view or judgment as to the need for surgery.

Consequently, we respectfully decline to issue payment
for the diagnostic testing undergone by Mr. Wiley in
anticipation of the surgery that was performed on or
about January 28, 2004.

(AR 285-286).

   9.  In a letter dated June 21, 2004, USAble notified Wiley

Stevens of its decision:

6

After careful review of your claim, it does not appear
benefits are payable for services indicated below with
XXX:

      XXX   Lab Work

      XXX   Diagnostic x-rays

      XXX   Office Visits

           Outpatient transportation/lodging expenses

           Non-chemotherapy drugs and prescriptions

           Calendar year maximum has been paid for
           chemotherapy/radiation

           Other:

If you disagree with this determination, you or your
authorized representative may appeal this decision by
filing a written request for review to Connie Phillips,
Appeals Coordinator, USAble Life, within 60 days of
having received this notice. Your appeal should include
your comments and view of the issues, in writing. You
may examine pertinent documents relative to your claim.
However, we must have written authorization from your
physician before you can review medical information.

A decision will be made by USAble Life no later than 60
days after we receive your request for review. If there
are special circumstances that have an impact on the
review process, the decision will be made as soon as
possible, but no later than 120 days after we receive
your request.

(AR 297-298).

    10.  In a letter dated June 22, 2004, the Arkansas Insurance

Department asked for USAble's reconsideration of the claim and also

sought additional information from USAble:

Please review this case again and reconsider paying
benefits for the testing Dr. Greeff performed in able for
him to accurately provide an opinion for
abdominioperineal resection.  Also, please send us a

current copy of Claims History payments that you have
paid benefits under Mr. Wiley's Cancer Supplemental
policy.

(AR 279-280).

11.   In a letter dated July 12, 2004, USAble responded to the

Arkansas Insurance Department with a history of paid claims and

reiterated its position as follows:

The charges that were not paid were for laboratory,
radiology, and other scans that were clearly performed as
pre-surgery tests and not covered under the policy.
Further, although Dr. Greef did not code his services on
January 20, 23 and 26 as confirmatory consultations,
these were paid based on information received from Ms.
Stevens that the charges were for second surgical
opinions.  Those payments are reflected as follows:

| Claim Detail | Date of Service | Procedure | Amount Paid |
|---|---|---|---|
| 36 | 1-20/1-26-04 | 99211/99241 | $240.00 |

Our previous reference to Radiation, Radio-Active
Isotopes Therapy, Chemotherapy, or Immunotherapy section
of the policy was meant to demonstrate the policy's
intent that the policy does not pay for laboratory tests
or diagnostic x-rays.  While these procedures are not
specifically excluded in the Second and Third Surgical
Opinion provision, neither is it stated that we will pay
for laboratory tests or diagnostic x-rays.  Further, we
have never paid for charges other than the charge for the
physician's medical opinion as evidenced in charges that
carry the Current Procedural Terminology coding for such
services.

Based on te foregoing facts, it appears that USAble has
adjudicated Mr. Stevens' claim in accordance with the
terms and provisions of Cora Stevens' limited benefit
cancer and specified disease policy, and we respectfully
decline to reimburse charges that are not payable under
the contract.

(AR 271-272).

12.  On July 20, 2004, the Arkansas Insurance Department, in a letter to Cora Stevens, stated the following:

> My findings substantiate that the pre-surgical testing that included laboratory tests, radiological and other scans would fall outside of the charge applicable to the . . . surgical opinion rendered.
>
> It appears that the results of the above mentioned items were in fact used as preparatory tests to establish a surgical pln of treatment.  These items would be covered under your Major Medical Policy for the surgery on Mr. Stevens.  Supplemental policies are not as inclusive in the benefit coverage incorporated Major Medical Policies.

(AR 269).

13.  This lawsuit was filed by the Stevens in February of 2005.

**Discussion**

**\*   Standard of Review**

1.  ERISA provides a plan beneficiary with the right to judicial review of a benefits determination.  *See* 29 U.S.C. § 1132(a)(1)(B).  A denial of benefits by a plan administrator must be reviewed *de novo* unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, in which case the administrator's decision is reviewed for an abuse of discretion.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  As set forth above, under the terms of employee welfare benefits plan, the plan administrator grants discretionary authority to the administrator.

9

Accordingly, defendant's decision should be reviewed for an abuse of discretion.

2.   Under the abuse-of-discretion standard, the Court must determine whether a reasonable person could have reached the same decision. *See House v. Paul Revere Life Ins. Co.*, 241 F.3d 1045, 1048 (8th Cir. 2001). This inquiry focuses on the presence or absence of substantial evidence supporting the administrator's decision. *Id.* While the administrator's decision need not be supported by a preponderance of the evidence, there must be "'more than a scintilla.'" *Id.* (citations omitted).

**\*   Defendant's Denial of Coverage**

3.   In its decision denying coverage, USAble found the tests at issue were not covered by the Cancer Policy. Specifically, USAble found that the tests did not fall under the "second and third surgical opinion" benefit of the Cancer Policy.

4.   As set forth above, the decision to deny coverage under the Cancer Policy is being reviewed by this Court for abuse of discretion. Under the abuse-of-discretion standard, the Court must determine whether a reasonable person could have reached the same decision. *See* House v. Paul Revere Life Ins. Co., 241 F.3d 1045, 1048 (8th Cir. 2001). This inquiry focuses on the presence or absence of substantial evidence supporting the administrator's decision. Id. While the administrator's decision need not be

supported by a preponderance of the evidence, there must be "'more than a scintilla.'" Id. (citations omitted).

Although the plaintiffs argue that the Cancer Policy is ambiguous, this Court finds no ambiguity.  Further, this Court finds that the information before USAble is sufficient to support its decision to deny coverage.  *See* House v. Paul Revere Life Ins. Co., 241 F.3d 1045, 1048 (8th Cir. 2001).  Although the Cancer Policy provides for coverage for a "second or third surgical opinion," there is no provision that provides for coverage for diagnostic testing to determine a course of treatment.

### Conclusion

5.   Based on the foregoing, the plaintiffs are not entitled to a judgment against the defendant.  Accordingly, the plaintiffs' claim is hereby **DENIED** and this case is **DISMISSED**.  Each party shall bear its own costs and attorney's fees.

IT IS, THEREFORE, ORDERED that plaintiffs' claim is **DENIED** and this case is **DISMISSED**.  Each party shall bear its own costs and attorney's fees.

IT IS SO ORDERED this 13th day of December 2006.


/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE


11